UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

SANDRA COOMBS as Mother and Natural Guardian of W.M., an infant,

                             Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. TEARLE CONNELL, Shield No. 1053, Individually and in his Official Capacity, DET. RICARDO JOSEPH, Shield No. 5406, Individually and in his Official Capacity, and LT. MARK CRAWFORD, Tax ID 932484, Individually and in his Official Capacity,

                             Defendants.
-------------------------------------------------------------------------

**AMENDED COMPLAINT**

**14-CV-5205
(CBA)(RER)**

**JURY TRIAL DEMANDED**

      Plaintiff, W.M., by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

    1.    Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, W.M., is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 3, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about May 28, 2014, at approximately 5:30 a.m., plaintiff W.M., was lawfully present in his home at 180 Lenox Road, Apt. 1L in Kings County in the State of New York.

14. At that time and place, the individually named officers burst through the front door.

15. Upon information and belief, the defendant officers did not possess a search warrant, permission, authority, or privilege to enter the above described location.

16. The defendants immediately rushed toward plaintiff, one of whom struck him in the face with a closed fist.

17. Plaintiff did not present any threat of flight or danger, and the use of force was unnecessary, unjustified, and unprivileged.

18. The defendant officers proceeded to conduct a full search of the location, uncovering no evidence of criminal or unlawful activity whatsoever.

19. Nevertheless, the defendant officers threw plaintiff to the floor and placed him in handcuffs with his hands secured tightly behind his back.

20. Plaintiff was thereafter transferred to a nearby police precinct

21. At no time on or about May 28, 2014 did plaintiff commit any crime or violation of law.

22. At no time on or about May 28, 2014 did defendants possess probable cause to arrest plaintiff.

23. At no time on or about May 28, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

24. Despite the complete lack of evidence connecting plaintiff to any crime or violation of law, defendants charged plaintiff with one count of criminal possession of a controlled substance in the seventh degree.

25. Plaintiff was thereafter held for approximately eighteen hours before being presented before a judicial officer and the proceedings against him were adjourned in contemplation of dismissal.

26. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

27. As a result of the foregoing, plaintiff W.M. sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff W.M. repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

36. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. Defendants arrested and incarcerated plaintiff W.M., in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices,

procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

41. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

42. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, W.M..

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

44.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

45.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

46.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

47.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

48.   All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

49.   Plaintiff W.M., repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50.   On or about June 25, 2014, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

51.   Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of

such claim as aforesaid.

52. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

53. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

54. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### THIRD CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

55. Plaintiff W.M., repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. At the aforesaid place and time, the individually named defendants did cause plaintiff to be unlawfully assaulted and battered, without cause or provocation.

57. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

58. As a result of the aforesaid assault and battery, plaintiff W.M., was injured, both physically and mentally.

### FOURTH CLAIM FOR RELIEF
### FOR FALSE ARREST UNDER NEW YORK LAW

59. Plaintiff W.M., repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

60. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of

time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

62. As a result of the foregoing plaintiff W.M. was caused to sustain physical and emotional injuries.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

63. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

65. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

66. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
September 2, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.14-CV-5205 (CBA) (RER)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA COOMBS as Mother and Natural Guardian of W.M., an infant,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, DET. TEARLE CONNELL, Shield No. 1053, Individually and in his Official Capacity, DET. RICARDO JOSEPH, Shield No. 5406, Individually and in his Official Capacity, and LT. MARK CRAWFORD, Tax ID 932484, Individually and in his Official Capacity,

                              Defendants.

## AMENDED COMPLAINT

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO:    The City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10038

        Det. Tearle Connell, Shield No. 1053
        c/o New York City Police Dept-Brooklyn South Borough Patrol
        2820 Snyder Avenue
        Brooklyn, New York 11226

        Det. Ricardo Joseph, Shield No.5406
        c/o New York City Police Dept-Brooklyn South Borough Patrol
        2820 Snyder Avenue
        Brooklyn, New York 11226

        LT. Mark Crawford, Tax ID#932484
        c/o New York City Police Dept-Brooklyn South Borough Patrol
        2820 Snyder Avenue
        Brooklyn, New York 11226

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                                       Matthew Shroyer